IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| SAMUEL A. WOODS,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTO REFLECTIONS, INC.<br><br>    Defendant | *<br>*<br>*<br>*   CIVIL ACTION FILE<br>*<br>*   3:12-cv-128-TCB<br>*<br>*<br>* **JURY TRIAL DEMANDED**<br>*<br>*<br>* |

## COMPLAINT FOR DAMAGES

Plaintiff Samuel A. Woods ("Mr. Woods") brings the within complaint against the above-named Defendant, showing that Defendant Auto Reflections, Inc. ("Auto Reflections") Auto Reflections Management, Inc. ("Auto Reflections") has engaged in retaliations for Mr. Woods complaining about race related matters, and failed to keep payroll records and failed to pay Mr. Woods for overtime hours worked, as follows:

### JURISDICTION AND VENUE

1.

This action is brought pursuant to 42. U.S.C. § 1981 and the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2.

The claims herein present a federal question, and the jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

3.

All parties to this action reside in or are located within the boundaries of this judicial district, and venue is appropriate under 28 U.S.C. § 1391(b). Moreover, the unlawful employment practices alleged below were committed within the Northern District of the State of Georgia.

## PARTIES

4.

Mr. Woods is an African American resident of the State of Georgia.

5.

Defendant Auto Reflections is and was at all times relevant hereto a corporation with offices located in this judicial district and doing substantial business in Sharpsburg, Georgia in this judicial district and is an employer within the meaning of Title VII. Auto Reflections may be served through its registered agent Joseph Bourque at 415 Mapledale Trail, Sharpsburg, Ga. 30277.

## FACTUAL ALLEGATIONS

6.

Mr. Woods was hired by Auto Reflections as a general laborer in September 2010 for eleven dollars ($11.00) an hour. Immediately, Mr. Woods noticed that Auto Reflections had no timeclock and kept no regular time records of hours worked. During the majority of all weeks Mr. Woods worked as a general laborer, his paid hours were 3-5e hours less than his actual hours worked. This happened especially frequently whenever Mr. Woods worked overtime, and the 3-5 missing hours were hours that he would have been paid time and one half. Jacob Borglin (General Manager) was the person who runs the day-to-day operations of Auto Reflections for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period. Mr. Woods brought this to the attention of management on several occasions, and one time they paid him three (3) extra hours in his next check. However, in most instances, they were disinterested in this and made no changes to correct Mr. Woods' pay.

7.

Mr. Woods was an exemplary employee and promoted in approximately April 2011, to a supervisor/driver position. Sometime after

that, he received a raise to twelve dollars ($12.00) an hour. Mr. Woods was an exemplary employee who never received any written reprimand for any reason, received raises and was told he was doing a good job.

8.

In January 2012, Mr. Woods suffered a back injury and was forced to miss approximately three (3) weeks of work due to the injury. He timely informed Auto Reflections about his injury, missed time and was not told of any problems with missing this time due to his back injury. However, when he returned to work in early February, 2012 he was told that he would be demoted back to the position of general laborer. He was replaced in his supervisory position by Jonathan, a Caucasian male. He was disappointed and confused by this, but continued as an exemplary employee.

9.

Mr. Woods was in good standing with Auto Reflections on or about April 24, 2012. On that day, Mr. Woods had a conversation with his supervisor, Tyler Holloway (a Caucasian male) and others. Mr. Holloway said that "[t]his nigger [Mr. Woods] is just mad because a cracker got his job."

10.

Mr. Woods was offended by this racial slur and false statement and immediately reported it to the store General Manager, Jacob Borglin. Understandably frustrated, Mr. Woods told Mr. Borglin that "I can't work here under these racial conditions, and if things don't change I will be out of here June 1."

11.

The next day, on April 25, 2012, Mr. Woods talked with the Defendant's owner, Chris Bourque, who told Mr. Woods that "this type of thing is going to go on" but that he had instructed Holloway to apologize. Mr. Woods thanked him for that and said that he therefore did not intend to resign and said specifically "I need my job."

12.

A few weeks later, Mr. Woods was approached by the General Manager Jacob Borglin, who mentioned Mr. Woods' pending resignation on June 1, 2012. Mr. Woods was surprised by this and told Mr. Borglin that he had told the Company's owner that he had not offered his resignation and then said that "I need to work." Mr. Borglin responded "Oh, Ok," and there was no further discussion of the topic.

13.

On June 1, 2012, Mr. Borglin came to Mr. Woods and told him he was "handing you your last check" and indicated that Mr. Woods should not return. Mr. Woods asked "[a]m I fired?" to which Mr. Borglin responded by saying "no, you quit." When Mr. Woods again explained that he had not offered his resignation, but Mr. Borglin said his job had been replaced. When Mr. Woods went to the owner Mr. Bourque about this on June 1, 2012, Mr. Bourque responded that Mr. Woods was not welcome back. When Mr. Woods asked if he was being terminated for reporting racist comments of his supervisor, Mr. Borque replied "[r]acism goes around both ways out there [in the work site], white and black."

14.

Mr. Woods subsequently filed for unemployment benefits with the Georgia Department of Labor. At the hearing, Mr. Woods testified Pro Se and Mr. Borglin, Mr. Bourque and Mr. Holloway testified with the assistance of counsel. In ruling in Mr. Woods' favor the Department of Labor Administrative Law Judge ruled that "[b]ased on the testimony presented, the hearing officer finds that the Claimant was discharged as a result of expressing his dissatisfaction with the racial comments made by a supervisor."

## COUNT I – RETALIATION UNDER 42 U.S.C. 1981

15.

Mr. Woods incorporates the facts asserted in the preceding paragraphs of this complaint as if alleged fully herein.

16.

Mr. Woods engaged in protected conduct on or about April 24, 2012 and April 25, 2012. Within a short time after this protected conduct five (5) weeks), Mr. Woods was fired.

17.

Mr. Woods has been retaliated against as result of his opposition to these practices. This conduct is prohibited by 42 U.S.C. 1981, as amended by the Civil Rights Act of 1991.

18.

Due to Defendant's unlawful actions, Plaintiff was injured and Plaintiff is entitled to damages and further relief in an amount to be determined at trial.

## COUNT II – FLSA VIOLATIONS AND BREACH OF CONTRACT

19.

Plaintiff re-alleges paragraphs 1-18 and incorporates them by reference to this count.

20.

Defendant contracted with Mr. Woods to pay him eleven dollars ($11.00) and hour for work done in the general laborer position. Mr. Woods did perform work that was unpaid by Auto Reflections.

21.

Defendant failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c).

22.

Defendant's policies as stated above have caused Plaintiff to be deprived of wages due him.

23.

Defendant' policies as stated above constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

24.

Defendant is aware that its actions were unlawful, but engaged in these actions anyway. Accordingly, Defendant's actions were willful.

25.

Under 29 U.S.C. 216(b), Defendant is liable to Plaintiff in the amount of his unpaid wages, an additional amount as liquidated damages, and his reasonable attorneys' fees, costs and expenses of litigation of this action.

26.

Similarly, under state law, Defendant has breached its contractual obligations to Plaintiff in the amount of his unpaid wages, and Defendant acted in bad faith, has been stubbornly litigious, and has caused the Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is entitled to recover reasonable attorneys' fees and expenses of litigation from the Defendant pursuant to O.C.G.A. §13-6-11.

WHEREFORE Plaintiff Prays that this Court:

a)   adjudge Defendant to have engaged in unlawful employment practices in violation of the revised Civil Rights Act, as amended in 1991, by discriminating against people of color on the basis of race and retaliating against Plaintiff, and adjudge the Defendant to have discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981;

b) enjoin Defendant from engaging in unlawful employment practices in violation of 42 U.S.C. § 1981;

c) award Plaintiff appropriate back pay with prejudgment interest, and front pay;

d) award Plaintiff general damages to compensate him for the mental and emotional distress occasioned by Defendant's misconduct;

e) award Plaintiff punitive damages to deter and punish the Defendant;

f) assess all costs against Defendant, including Plaintiff's reasonable attorney's fees and expenses of litigation;

g) A trial by jury pursuant to Fed. R. Civ. P. 38(b);

h) award Plaintiff all past due wages, together with interest thereon;

i) award Plaintiff liquidated damages, together with interest thereon;

j) That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA; and

k)   grant such other and further relief as the court deems just and proper.

Respectfully submitted this 23rd day of August, 2012.

Respectfully submitted,


/s/Douglas R. Kertscher
Douglas R. Kertscher
Georgia Bar No. 416265
*Attorney For Plaintiff Samuel Woods*


HILL, KERTSCHER & WHARTON ,LLP
3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
(Telephone) 770-953-0995
(Facsimile) 770-953-1358